ENOCH WINKLEY *vs.* SALISBURY MANUFACTURING COMPANY.

The owner of a mill is liable in tort for damages occasioned by keeping his dam above the height fixed by an award of arbitrators vested by the terms of the submission to them with all the powers of a court and jury under the mill act.

An award of arbitrators, authorizing the owner of a mill " to raise the water" in the river across which it is built " two inches above an iron bolt " specified, does not give him the right to keep his dam two inches above the iron bolt, if that raises the water higher.

ACTION OF TORT against the owners of a mill for flowing the plaintiff's land by keeping their dam above the height fixed by an award upon a submission of all actions, causes of action and claims of damages of the plaintiff against the defendants by reason of the overflowing of his lands by them.

The submission in terms gave the arbitrators "all the authority to decide upon said actions and causes of action and damages, which a court of law or jury might have in deciding on the same by virtue of the law and statutes of the Commonwealth of Massachusetts, especially the statutes for the support and regulation of mills," and to assess past damages, and decide on the costs of a complaint then pending by the plaintiff against the defendant under the mill act. The arbitrators awarded to the plaintiff his past damages in gross, and his future annual damages, and the costs of said complaint; and further awarded that it was necessary for the defendants to raise the water in the river across which their dam was erected " two inches above an iron bolt" fixed by the arbitrators in a certain mill, " and to keep up the water to the height aforesaid during the whole year."

At the trial in the court of common pleas in Essex at September term 1857, before *Bishop*, J., " it appearing upon the opening of this case by the plaintiff's counsel that the plaintiff claimed damages of the defendants for flowing his land by raising and maintaining a dam upon the river for the purpose of raising water to operate their mills, the counsel for the defendants objected to the progress of the trial, upon the ground that upon the plaintiff's showing, his remedy, if he had any, was by

complaint under the mill acts, and not by action of tort in the nature of trespass on the case, and that therefore the court had no jurisdiction." But the court ruled that the action was well brought.

The defendants also contended that they had a right to keep their dam at the height of two inches above the bolt mentioned in the award, although such dam would raise the water above that mark. But the court ruled that by the true construction of the award it was the water, and not the dam, which could be kept to the height mentioned in the award.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions, which were argued at Boston in January 1859.

*E. F. Stone*, for the defendants. Since the *St.* of 1795, *c.* 74, no action at common law lies against the owner of a mill for flowing another's land, unless in violation of a judgment of court on regular proceedings under the mill act. *Stowell* v. *Flagg*, 11 Mass. 364. *Hill* v. *Sayles*, 12 Met. 142. Land overflowed for mill purposes is taken under a public exigency for the public use. *Fiske* v. *Framingham Manuf. Co.* 12 Pick. 70. Prov. St. 12 Anne, Anc. Chart. 404, 405. The protection afforded to the millowner cannot be lost to the public through him by an agreement between him and the landowner. The maxim *modus et conventio vincunt legem* does not apply when the public interests would be injured by it. When the rights of the mill owner and landowner are defined by mutual agreement, the remedy of the owner of the land flowed beyond the limit prescribed is under the statute. *Tourtellot* v. *Phelps*, 4 Gray, 372. An award of arbitrators is founded on the agreement of parties, and cannot affect the legal character of the act complained of, and make that trespass, which by the statute is lawful conditionally. An award and judgment thereon are no bar to a complaint under the mill act. *Staple* v. *Spring*, 10 Mass. 72

2. A reasonable construction of the award would justify the erection of a dam as high as the water would be rightfully kept in its ordinary flow.

*O. P. Lord*, for the plaintiff.

BIGELOW, J.   It was settled in *Hill* v. *Sayles*, 12 Met. 142, that a suit at common law might be maintained by the owner of land for damages occasioned by a millowner's maintaining his dam contrary to the conditions and restrictions imposed by the verdict of a jury under proceedings duly had according to Rev. Sts. *c.* 116.

We think the same effect is to be given to an award of arbitrators appointed by the parties to determine their respective rights and duties in relation to the maintenance of a dam and the flowing of land, where it appears that full authority has been conferred on the arbitrators to exercise all the powers with which a court and jury are invested under the mill act, and the arbitrators have performed the duty incumbent on them, and made an award on all matters which could properly be comprehended within the verdict of a jury.

Such was the nature of the submission and award in the present case.   The arbitrators were in express terms clothed with all the power of a court and jury under the statutes of the Commonwealth relating to the support and regulations of mills; and they made their award for past damages ; for the amount of annual damage to be paid by the defendants; and also fixed the height to which the defendants should have the right to keep and maintain their dam during the entire year.   These were all the matters which could be properly drawn in controversy before a jury, between the plaintiff as an owner of land, and the defendants as owners of the dam which caused the land to be overflowed, and they are fully covered by the award of the arbitrators.   This award is conclusive upon the rights of the parties.   It measures and defines the extent of the defendants' right to maintain their dam under the statutes.   So long as they do not exceed the limits fixed and established by the award for the height of their dam, they are not liable to any action at common law.   But if they go beyond the prescribed height, then they lose the immunity from suits at law provided by the statute, and are liable to an action for damages as wrongdoers.

When the parties agree to substitute an arbitration at common law in the place of proceedings under the statute for the

regulation and support of mills, for the purpose of adjusting and determining their respective rights and duties, an award duly made must be deemed a bar to any claim by the owner of land to maintain a complaint under the statute for the matters comprehended within the submission and award. *Conventio vincit legem.*

In the present case, if the plaintiff had brought his petition under Rev. Sts. *c.* 116, for a jury, the defendant might well have pleaded the submission and award in bar, under § 8, which expressly provides that the defendant may plead in bar of a complaint that he has a right "to maintain his dam for an agreed price." The bar or estoppel must be mutual. Therefore when the landowner brings his action at law for damages for raising the dam above the height fixed by the award, and the millowner objects that an action at law will not lie, and that a complaint for flowing land is the only remedy, the answer is sufficient, that the height of the dam has been fixed by an award which is binding on the parties, and that an action will lie because the millowner has exceeded the limits prescribed to him and cannot justify under his right as fixed and established by the award.

The same reasoning, which justifies the conclusion that the common law remedy in favor of a landowner is not taken away in cases where it can be shown that the millowner has not conformed to the restrictions and conditions, as to the height and maintenance of his dam, prescribed by the verdict of a jury, leads to the same result where the same matters have been properly adjudicated between the parties by a submission and award. In the present case the sole cause of action is founded on the fact that the defendants had raised their dam above the height fixed by the arbitrators, and there was no suggestion that this increased height was occasioned or rendered necessary by the erection of a new mill or the use of any new machinery by the defendants, requiring greater mill power than that which was employed by them when the submission was entered into.

The construction of that part of the award, which regulates the height to which the defendants shall have the right to main-

tain their dam, is free from all doubt.    It does not adjudge that
the dam is to be kept up two inches above an iron bolt desig‧
nated in the award, but to such a height as to raise the water to
that point.                                    *Exceptions overruled.*